UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAL DAGAN MD PC,

                            Plaintiff,

              v.

RESOLUTIONS BILLING & CONSULTING,
INC.,

                            Defendant.

No. 24-cv-632 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Tal Dagan MD PC, a professional medical corporation, brings this contract and negligence action against Resolutions Billing & Consulting, Inc., who Tal Dagan hired to oversee its patient billing. Tal Dagan alleges that Resolutions failed to follow up on dozens of unpaid medical claims as required by the parties' contract, ultimately costing Tal Dagan over $1 million. Tal Dagan now moves to strike several affirmative defenses asserted by Resolutions in its answer. *See* Dkt. 20. For the reasons that follow, Tal Dagan's motion to strike is granted in part and denied in part.

## BACKGROUND

In its complaint, Tal Dagan alleges that it operates a medical practice in New York City that specializes in ear, nose, and throat surgery. *See* Dkt. 1 ("Compl.") ¶ 3. In April 2013, Tal Dagan entered into a contract (the "Agreement") with Resolutions, a medical claims and billing company, that obligated Resolutions to send bills to and collect unpaid claims from Tal Dagan's patients. *See* Compl. ¶¶ 5–10. Resolutions allegedly failed to follow up on "dozens and dozens" of those claims, however, rendering them worthless. *Id.* ¶ 13. It also billed many patients and insurance companies incorrectly. *Id.* ¶ 14. Tal Dagan claims these errors cost it over one million dollars. *See id.* ¶ 18.

Tal Dagan filed its complaint in January 2024, asserting claims for breach of contract and negligence against Resolutions.  Resolutions filed its answer in March 2024, which largely denied Tal Dagan's allegations and asserted a counterclaim for breach of contract on the ground that Tal Dagan failed to pay invoices due to Resolutions under the Agreement.  *See* Dkt. 14 ("Ans."), Countercl. ¶¶ 5–7.  Resolutions also asserted nine affirmative defenses:  (1) failure to state a claim, (2) material breach, (3) offset, (4) failure of consideration, (5) failure of condition precedent, (6) failure to mitigate damages, (7) waiver, (8) lack of valid and enforceable contract, and (9) "[a]ll defenses" in Federal Rules of Civil Procedure 8 and 12.  Ans., Aff. Defs. ¶¶ 1–9.

In April 2024, Tal Dagan moved to strike Resolutions' first, fourth, fifth, sixth, seventh, eighth, and ninth affirmative defenses.  *See* Dkt. 21 ("Tal Dagan Mot."); *see also* Dkt. 25 ("Tal Dagan Reply").  Resolutions opposes the motion.  *See* Dkt. 24 ("Resolutions Opp.").

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes a court to strike "from a pleading" any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  Whether to strike an affirmative defense is within the district court's discretion.  *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).  An affirmative defense should be stricken if it is not supported by "plausible" factual allegations or if it is "legally insufficient" to "preclud[e] a plaintiff from prevailing on its claims."  *Id.* at 98–99; *see also Trott v. Deutsche Bank AG*, No. 20-cv-10299 (MKV), 2023 WL 6386899, at *3 (S.D.N.Y. Sept. 28, 2023).  District courts may also strike an affirmative defense if its inclusion in the case is unduly prejudicial to the plaintiff.  *See GEOMC Co.*, 918 F.3d at 98.  Motions to strike are "generally disfavored" and should be granted only when "there is a strong reason to do so."  *Abdou v. Walker*,

No. 19-cv-1824 (PAE), 2022 WL 334700, at *2 (S.D.N.Y. Aug. 12, 2022) (internal quotation marks omitted).

## DISCUSSION

In its motion, Tal Dagan moves to strike seven of Resolutions' affirmative defenses. It argues that these defenses are not supported by plausible factual allegations and are unduly prejudicial, which mandates that they be stricken under the Second Circuit's decision in *GEOMC Co., Ltd. v. Calmare Therapeutics Inc. See* Tal Dagan Mot. at 1. Resolutions responds that there is a plausible factual basis for many of its affirmative defenses and that factual support for others will materialize during discovery. *See* Resolutions Opp. at 3–4.

The Second Circuit clarified the standard for striking an affirmative defense in *GEOMC Co.* In a seminal ruling, the circuit held that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co.*, 918 F.3d at 98 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).[1] This means that a defendant generally must plead "some factual allegations" to make its affirmative defenses "plausible." *Id.* at 99. The court, however, added a key caveat: that the plausibility standard is "context-specific" and may be "relaxed" depending on whether a challenged defense is one for which "factual support is readily available." *Id.* (internal quotation marks omitted). As the court explained, defendants have only 21 days to prepare their answers, compared to the years that plaintiffs have to draft their complaints. And because certain affirmative defenses will turn on facts that require discovery to uncover, it makes little sense to hold defendants to the normal plausibility standard from *Twombly*. To that end, defendants only need to meet a "relaxed"

---

[1] As the panel explained, courts and treatises had reached various conclusions on this issue, with some holding that *Twombly* never applies to affirmative defenses. *See GEOMC Co.*, 918 F.3d at 97–98; *see also* 5 Wright & Miller, Federal Practice & Procedure § 1274 (4th ed. 2024) (noting that "courts are in disagreement" and surveying various decisions).

plausibility standard when asserting affirmative defenses that turn on facts "not . . . readily available," such as an "ultra vires defense" that an asserted contract was made without legal authority. *Id.* (contrasting ultra vires with a statute-of-limitations defense, which a defendant will usually be able to plead without the benefit of discovery).

In line with this directive, courts in this circuit have decided whether to strike affirmative defenses as factually implausible based on whether the challenged defense is, by nature, one that defendants would readily have facts to support. For instance, district courts have held that defenses such as failure to mitigate are subject to the relaxed plausibility standard, because defendants will generally need discovery in order to determine whether a plaintiff took proper steps to mitigate its injuries. *See Jablonski v. Special Couns., Inc.*, No. 16-cv-5243 (ALC), 2020 WL 1444933, at *4 (S.D.N.Y. Mar. 25, 2020). Conversely, defendants will generally know (or be able to promptly determine) whether a plaintiff waived a contractual right or failed to perform a condition precedent, which means that such defenses must meet the normal (i.e., non-relaxed) plausibility test. *See Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 80–81 (D. Conn. 2015) (waiver); *Blow v. Univ. of Vt. & State Agric. Coll.*, No. 20-cv-61, 2021 WL 5903355, at *4 (D. Vt. Oct. 22, 2021) (failure of condition precedent).

Applying this framework here, the Court grants Tal Dagan's motion to strike Resolutions' seventh and ninth affirmative defenses but denies the motion with respect to the remainder.

## I.    First Affirmative Defense:  Failure to State a Claim

Tal Dagan first contends that Resolutions' "failure to state a claim" affirmative defense should be stricken because the allegations in Tal Dagan's complaint are "plainly sufficient" to state claims for breach of contract and negligence. Tal Dagan Mot. at 4. Tal Dagan also emphasizes

that Resolutions chose not to file a motion to dismiss under Rule 12(b)(6), which should be treated as a tacit admission that Resolutions has no failure-to-state-a-claim defense.

The Court disagrees.  As courts in this circuit have consistently held, "a failure-to-state-a-claim defense is not vulnerable to [a] motion[] to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010); *Aros v. United Rentals, Inc.*, No. 10-cv-73, 2011 WL 5238829, at *4 (D. Conn. Oct. 31, 2011) ("It is well-settled . . . that a party may include failure to state a claim as an affirmative defense in its answer, and that such a defense is invulnerable as against the 12(f) motion [to strike]." (alterations and internal quotation marks omitted)); *Rich v. Miller*, 634 F. Supp. 3d 66, 73 (S.D.N.Y. 2022) (adopting Report & Recommendation stating that "there is abundant case law holding that a defense of 'failure to state a claim' should not be the subject of a motion to strike because, like a denial of factual allegations, the defense functions as a general denial of liability.").  Put simply, a failure-to-state-a-claim defense is akin to a general denial of the complaint's allegations, so Resolutions may assert it without "identify[ing] the factual deficiency alleged."  *Aros*, 2011 WL 5238829, at *4.

Although Tal Dagan cites one example of a court striking this defense, that case is off point. There, the district court had already *denied* the defendant's motion to dismiss, which meant that its failure-to-state-a-claim defense was "without legal basis."  *White v. Fein, Such and Crane, LLP*, No. 15-cv-438V, 2018 WL 955903, at *2 (W.D.N.Y. Feb. 20, 2018).  In other words, the court had already conclusively ruled that the plaintiff had stated a claim, which precluded any defense asserting otherwise.  Here by contrast, Resolutions never moved to dismiss, so there is no legal impediment to its affirmative defense.  Nor is Tal Dagan correct that Resolutions missed its opportunity to make such a motion, because Rule 12 authorizes defendants to raise failure-to-state-

a-claim as late as trial. *See* Fed. R. Civ. P. 12(h)(2)(C); *see also* 5C Wright & Miller, § 1392 (3d ed. 2024). The fact that Resolutions failed to make an earlier motion under Rule 12(b)(6) does not mandate striking its related affirmative defense here, and the Court denies Tal Dagan's motion to strike it.

## II.    Fourth Affirmative Defense:  Failure of Consideration

Next, Tal Dagan urges the Court to strike Resolutions' affirmative defense of failure of consideration, which if proven could rescind the Agreement and excuse Resolutions from contract liability. *See Fugelsang v. Fugelsang*, 517 N.Y.S.2d 176, 177 (2d Dep't 1987) (explaining that failure of consideration gives a party the right to rescind a contract if the other fails to perform its obligations in some material respect). According to Tal Dagan, this unenforceability defense is "irreconcilable" with Resolutions' counterclaim for breach of the Agreement, which presupposes that the Agreement was valid and enforceable. Tal Dagan Mot. at 5. Since Resolutions' failure-of-consideration defense is inconsistent with its counterclaim, Tal Dagan argues that it must be stricken.

This argument runs headlong into Rule 8, which expressly permits the pleading of inconsistent claims and defenses. "A party may state as many separate claims or defenses it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As a result, "[a] defendant may assert a counterclaim that is inconsistent with an affirmative defense raised in the same pleading," as Resolutions has done here. *See Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 355 (E.D.N.Y. 2007). Nor can Tal Dagan seriously argue that it is unduly prejudiced by inconsistent pleadings, given that Rule 8 expressly permits them. The Court thus rejects Tal Dagan's inconsistency argument and denies its motion to strike on that ground.

### III.    Fifth Affirmative Defense:  Failure of Condition Precedent

Tal Dagan also contends that Resolutions' failure-of-condition-precedent defense should be stricken for factual insufficiency under *GEOMC Co.*  "A condition precedent is an act or event . . . which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises."  *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 22 (2d Cir. 2018) (internal quotation marks omitted).  "Under New York law, the failure to satisfy a condition precedent excuses performance by the other party whose performance is so conditioned."  *Id.* (internal quotation marks omitted).  According to Tal Dagan, Resolutions provided no factual support for this defense, and did not even "explain what conditions precedent [Tal] Dagan failed to comply with" that could have excused Resolutions' performance.  Tal Dagan Mot. at 6.  The Court disagrees.

As a threshold matter, failure-of-condition-precedent is the sort of affirmative defense that is subject to the normal (as opposed to relaxed) plausibility standard under *GEOMC Co.  See* 918 F.3d at 98.  Unlike other defenses that require investigation, a defendant facing a contract suit will typically know at the outset whether its contractual obligations are subject to a condition precedent. *See Blow*, 2021 WL 5903355, at *4.  As a consequence, defendants like Resolutions who invoke this defense must offer plausible allegations that its performance was excused because a condition precedent did not occur.  *See, e.g. Art Media, LLC v. Brant*, No. 19-cv-11218 (VM) (RWL), 2021 WL 746261, at *5 (S.D.N.Y. Feb. 12, 2021) (finding that defendant plausibly stated condition-precedent defense by alleging that plaintiff failed to perform key act obligated by their agreement), *report and recommendation adopted*, 2021 WL 2193020 (Mar. 5, 2021).

The Court agrees with Resolutions that it adequately pled failure of condition precedent. In its answer, Resolutions alleged that Dagan "failed or refused to pay the invoices" due to

Resolutions under the Agreement." Resolutions Ans., Countercl. ¶ 8; *see also id.* ¶ 2 (alleging that Tal Dagan "fail[ed] or refus[ed] to pay amounts due to Resolutions . . . under the Agreement."); *id.* ¶ 12 (same).[2] As Tal Dagan points out in its opposition, it is plausible that Tal Dagan's payment was a condition precedent to Resolutions' performance of billing services under the Agreement. When those payments allegedly were not made, it may have excused Resolutions' obligation to provide the agreed-upon billing services to Tal Dagan. Resolutions has thus plausibly pled failure of condition precedent as an affirmative defense. And while Tal Dagan contends that inclusion of this defense is prejudicial, the Second Circuit has explained that a factually and legally sufficient defense "should always be allowed" when the defendant timely raised the defense at the start of litigation, as Resolutions did here. *GEOMC Co.*, 918 F.3d at 99 ("On the other hand, prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation."). The motion to strike this defense is therefore denied.

## IV.    Sixth Affirmative Defense:  Failure to Mitigate Damages

For similar reasons, the Court rejects Tal Dagan's bid to strike the "failure to mitigate damages" affirmative defense from Resolutions' answer. Similar to the condition-precedent defense, courts have held that the relaxed plausibility standard applies to a failure-to-mitigate defense, "since the factual allegations necessary to support such defenses are likely not readily available to [d]efendant[s]." *Jablonski*, 2020 WL 1444933, at *4. "[T]his is just the sort of defense where the facts regarding plaintiff's conduct would not necessarily be within defendants' knowledge and may become known only through discovery." *Rich*, 634 F. Supp. 3d at 75.

---

[2] Resolutions may support its affirmative defenses with factual support pled elsewhere in its answer and need not plead all supporting facts in the affirmative defense section. *See Jablonski*, 2020 WL 1444933, at *4.

Here, for instance, it is plausible that Tal Dagan failed to mitigate its damages by trying to recover the unpaid claims that Resolutions allegedly failed to collect.  Because those are the sort of facts that would typically be revealed during discovery, Resolutions was permitted to assert its failure-to-mitigate defense in a "conclusory" manner, as it did here.  *Jablonski*, 2020 WL 1444933, at *4.  And because Resolutions timely pled this defense in its answer, Tal Dagan cannot show prejudice either.  *See GEOMC Co.*, 918 F.3d at 99.

## V.    Seventh Affirmative Defense:  Waiver

Tal Dagan also challenges Resolutions' waiver defense for lack of factual support. "[W]aiver of a contract right is the voluntary abandonment or relinquishment of a known contract right."  *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 585 (2d Cir. 2006) (alterations and internal quotation marks omitted).  "Because waiver of a contract right must be proved to be intentional, the defense of waiver requires a clear manifestation of intent by plaintiff to relinquish her known right and mere silence, oversight or thoughtlessness in failing to object to a breach of the contract will not support a finding of waiver."  *Id.*

As above, the Court must first examine the waiver defense—and the facts that would typically be needed to support it—to determine whether the normal or relaxed plausibility test applies.  Although examples are limited, other courts in this circuit have held that the waiver defense is subject to the standard (not relaxed) plausibility standard.  *See Jablonski*, 2020 WL 1444933, at *3; *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 454 (W.D.N.Y. 2020).  As those decisions correctly note, defendants like Resolutions should be able to plead facts supporting a waiver defense in their answers, because this defense requires the plaintiff to affirmatively manifest relinquishment to a defendant.  *See Jablonski*, 2020 WL 144933, at *3 (concluding that waiver defense "involve[s] facts that should be known to the defendant").  Because "mere silence"

is insufficient, defendants will generally be aware that their counterparties have waived their contractual rights. *Beth Isr. Med. Ctr.*, 448 F.3d at 585. The Court thus concludes that the normal plausibility standard applies to waiver defenses, which obligates Resolutions to allege some facts "supporting the assertion that [Tal Dagan] at any point intentionally renounced, by actions or words, a previously held right" under the Agreement. *Shaub & Williams, L.L.P v. Augme Techs., Inc.*, No. 13-cv-1101 (GBD), 2014 WL 625390, at *9 (S.D.N.Y. Feb. 14, 2014).

Resolutions fails to allege any such facts here. It points to no words or conduct by Tal Dagan that could have plausibly waived Tal Dagan's contractual right to sue Resolutions for failing to provide billing services under the Agreement. In fact, Resolutions outright admits that it is not aware of any such facts, stating that "it is too soon to know whether discoverable facts could support Affirmative Defense #7 of Waiver." Resolutions Opp. at 4. Because Resolutions fails to allege any facts of that sort here, the Court grants the motion to strike its waiver defense as factually insufficient.

## VI.    Eighth Affirmative Defense:  Lack of Valid and Enforceable Contract

Tal Dagan next argues that Resolutions' "lack of valid and enforceable contract" defense should be stricken. Just as with Resolutions' failure-of-consideration defense, Tal Dagan argues that Resolutions cannot assert this defense because it presupposes that the Agreement is *in*valid, which is "irreconcilable" with Resolutions' counterclaim that Tal Dagan breached the Agreement. Tal Dagan Mot. at 5.

As already discussed above, this argument is meritless. The Federal Rules of Civil Procedure authorize parties to plead claims (and counterclaims) that are inconsistent with the affirmative defenses they assert elsewhere. *See* Fed. R. Civ. P. 8(d)(3). The Court thus denies Tal Dagan's motion to strike this defense.

**VII.     Ninth Affirmative Defense:  "All defenses" in Rules 8 and 12**

Finally, Tal Dagan moves to strike Resolutions' catchall affirmative defense, which asserts "[a]ll defenses in Rules 8 and 12 [of the] Federal Rules of Civil Procedure."  Resolutions Ans., Aff. Defs. ¶ 9.  The Court agrees that this defense must be stricken.

Rules 8 and 12 include a host of various defenses, ranging from contributory negligence and statute of frauds to res judicata and improper venue.  *See* Fed. R. Civ. P. 8(c)(1); Fed. R. Civ. P. 12(b).  Resolutions attempts to invoke each and every one of them in its answer, without providing any factual support or even identifying which defenses it might be asserting.  This is not permissible.  As another district court put it, defendants may not "keep [p]laintiffs guessing as to which affirmative defense they intend to rely on, and how they intend to prove each of them." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075 (LJL), 2020 WL 3472597, at *13 (S.D.N.Y. June 25, 2020).  This type of "scattershot" pleading "is the precise evil that *GEOMC* is intended to prevent," *id.*, and the Court thus grants Tal Dagan's motion to strike this affirmative defense.[3]

---

[3] To be sure, Resolutions may seek leave under Rule 15 to add other affirmative defenses as discovery proceeds and it becomes aware of new defenses that apply.  *See Wi3, Inc. v. Actiontec Elecs., Inc.*, 71 F. Supp. 3d 358, 363 (W.D.N.Y. Nov. 21, 2014).  But it may not indiscriminately assert every defense in Rules 8 and 12 without providing any facts to support them.

## CONCLUSION

For these reasons, Tal Dagan's motion to strike Resolutions' affirmative defenses is granted as to the seventh and ninth affirmative defenses and denied as to the remainder. To the extent Resolutions seeks to amend its affirmative defenses at this point in time, it shall have thirty (30) days to do so. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 20.

SO ORDERED.

Dated:     December 12, 2024
           New York, New York

_____
Ronnie Abrams
United States District Judge