UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
          :
TAL DAGAN, MD, PC,          :
          :
        Plaintiff,     :    24-CV-0632 (JAV)
          :
    -v-     :    OPINION AND ORDER
          :
RESOLUTIONS BILLING & CONSULTING,    :
INC.,          :
          :
       Defendant.     :
          :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Presently before the Court is the motion of Martin E. Karlinsky ("Counsel"), counsel for Plaintiff Tal Dagan, MD, PC, to withdraw as attorney for Plaintiff. ECF No. 44. The Court finds that Counsel has failed to establish that good cause exists for his withdrawal as Plaintiff's attorney. The motion to withdraw is therefore DENIED.

## PROCEDURAL HISTORY

On January 29, 2024, Plaintiff initiated this action for breach of contract against Resolutions Billing & Consulting, Inc., a healthcare claims, billing and collection services provider. ECF No. 1. Plaintiff alleged that Defendant had failed to follow up on unpaid insurance and individual claims. ECF No. 1. A Case Management Plan was entered on April 5, 2024, following an initial pretrial conference. ECF No. 19. Discovery in this matter was scheduled to be completed on May 14, 2025. ECF No. 38. The parties have largely completed document

discovery, but depositions have yet to be taken.

On March 3, 2025, Mr. Karlinsky filed a motion to withdraw as attorney for Plaintiff. ECF No. 44. On March 4, 2025, the Court ordered that any opposition to the motion be filed by March 13, 2025. ECF No. 45. The Court also ordered the parties and Plaintiff to appear for a hearing on March 18, 2025, with respect to Mr. Karlinsky's motion to withdraw as attorney for Plaintiff (the "Hearing"). *Id.* No opposition to the motion was filed and Plaintiff did not appear for the Hearing on March 18, 2025. A representative of Plaintiff indicated, however, in a phone call to the Clerk's Office, that Plaintiff wished to be heard on the motion but could not appear that day due to a medical procedure Plaintiff was scheduled to perform. ECF No. 51.

The Court adjourned the Hearing to March 26, 2025. ECF No. 48. On March 24, 2025, Plaintiff's counsel filed a letter on the docket explaining that Plaintiff was not available on March 26, 2025, and requested a further adjournment. ECF No. 49. The Hearing was once again adjourned to April 9, 2025. ECF No. 50. On April 9, 2025, the Court received a phone call requesting another adjournment of the Hearing, as Plaintiff's Counsel's had had a medical emergency. As such, on April 24, 2025, the Hearing was adjourned to May 7, 2025. ECF No. 55. The Hearing went forward at that time, although no representative from Plaintiff appeared.

## DISCUSSION

Under Local Rule 1.4, an attorney who has appeared for a party may be relieved only by order of the court, upon a showing by affidavit of satisfactory

2

reasons for withdrawal. Local Rule 1.4(b). "Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Villatoro v. LTLMR LLC*, No. 23-CV-01477 (JMA) (JMW), 2023 WL 5952027, at *1 (E.D.N.Y. Aug. 7, 2023) (citation omitted).

"'When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Flannigan v. Vulcan Power Group LLC*, No. 09 Civ. 8473, 2023 WL 2986870, at *2 (S.D.N.Y. Apr. 18, 2023) (quoting *Allstate Ins. Co. v. Spina*, No. 20-CV-1959, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020)). For attorneys practicing in New York, including in federal court, the New York Rules of Professional Conduct ("NY RPC" or "Professional Conduct Rules") and the American Bar Association's Model Code of Professional Responsibility provide guidance as to what constitutes good cause to grant a motion to withdraw. *See, e.g.*, *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also Flannigan*, 2023 WL 2986870, at *2. "Regarding the timing element, courts consider 'whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" *Flannigan*, 2023 WL 2986870, at *2 (quoting *Whiting*, 187 F.3d at 320).

Rule 1.16(c) of the NY RPC sets forth the various grounds for permissive withdrawal for New York attorneys. The crux of Counsel's withdrawal motion, however, depends upon none of Rule 1.16(c)'s provisions. Instead, Mr. Karlinsky primarily argues that his withdrawal is permitted under the terms of his retainer

3

agreement. ECF No. 44-1 ("Karlinsky Decl."). The retainer agreement between Mr. Karlinsky and Plaintiff states that "acceptance of this matter on [a contingency basis] is conditional on the defendant carrying sufficient errors and omissions insurance coverage to fund a defense or settlement. . . . [I]f the defendant does not carry adequate insurance coverage, we will have the right to elect to withdraw from prosecuting the action." ECF No. 44-2, Ex. A ("Retainer Agreement"), § 3. The retainer agreement further prohibits Plaintiff from objecting to Counsel's withdrawal on this basis. *Id.* Counsel has now ascertained that Defendant does not carry the requisite insurance, and therefore moves to withdraw as counsel in accordance with the terms of the retainer agreement. Karlinsky Decl., ¶¶ 3-5.

In essence, Counsel provided himself with an escape hatch that would allow him to abandon a representation that he had undertaken, triggered by a condition completely out of Plaintiff's control. Mr. Karlinsky does not cite any provision of Rule 1.16(c) that permits withdrawal under these circumstances. And the terms of a retainer agreement cannot negate an attorney's ethical obligation to continue representing a client absent good cause for withdrawal. *Willis v. Holder*, 842 N.Y.S.2d 841, 842 (4th Dep't 2007) ("[T]he provision in the retainer agreement allowing [counsel] to withdraw, *inter alia*, for any reason does not override the requirement in the Code of Professional Responsibility that it show the requisite 'good and sufficient cause' for withdrawal").

Indeed, the terms of this contingency agreement stand in tension with Counsel's obligations under the Professional Conduct Rules. Attorneys are ethically

4

bound not to undertake representation unless "it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded." NY RPC Rule 1.16, Comment No. 2. In other words, "the New York Code of Professional Responsibility directs attorneys who agree to represent a client to complete the work involved." *Flannigan*, 2023 WL 2986870, at *3 (citation omitted); *see also Kalamata Cap. Grp., LLC v. AJP Remodeling, LLC*, 199 N.Y.S.3d 880 (N.Y. Sup. Ct. 2023) ("[T]here exists a presumption that the representation will continue in good faith throughout the course of the litigation."). Attorneys frequently take on the responsibility of representing clients on a contingency basis, and in doing so assume the risk that they may not recover fees. They are not permitted to abandon their representation of their clients whenever the risk of nonpayment increases. *See James v. Enter. Ass'n of Steamfitters Loc. 638 of United Ass'n of Steam, Hot Water, Hydraulic & Gen. Pipe Fitters of New York & Vicinity*, No. 06-CV-680 (RJD) (LB), 2009 WL 10706010, at *2 (E.D.N.Y. Nov. 23, 2009) (finding that attorney's conclusion that case is unwinnable due to client's deposition testimony does not constitute grounds for withdrawal).

The only other justification Mr. Karlinsky offers for his withdrawal is Plaintiff's decision not to retain an expert witness. Karlinsky Decl., ¶¶ 6-10. Counsel argues that he has a "fundamental disagreement" with the client's refusal to retain an expert, thereby implicating Rule 1.16(c)(4), because in his assessment an expert is "essential" for strategic reasons. *Id.* But according to Mr. Karlinsky,

5

the client's decision not to retain an expert was based on financial considerations, not strategic ones. *Id.* In litigating a claim, "lawyers usually defer to their clients regarding such questions as the expense to be incurred." NY RPC Rule 1.2 Comment 2; *see also L.V. v. New York City Dep't of Educ.*, No. 19-CV-05451 (AT) (KHP), 2020 WL 6782234, at *3 (S.D.N.Y. Nov. 17, 2020) ("Comment [2] to Rule 1.2 addresses how a lawyer should address disagreements with a client. It indicates that clients normally defer to the knowledge and skill of the lawyer with respect to technical, legal and tactical matters, whereas lawyers normally defer to the client with regard to expenses to be incurred and concern for third persons who might be adversely affected."). This type of budgetary dispute does not represent the type of "fundamental disagreement" that permits withdrawal.

For the same reason, Plaintiff's decision not to retain an expert for financial reasons does not constitute a failure "to cooperate in the representation" such as to render the representation "unreasonably difficult for the lawyer to carry out" effectively under Rule 1.16(c)(7). The purported failure to cooperate must be of sufficient severity to "to overcome an attorney's responsibility to persist in a representation already begun." *Bijan Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *5 (S.D.N.Y. May 11, 2011). On the instant record, it does not appear that there has been any failure to cooperate. The ethics rules place decisions regarding budgetary issues squarely with the client. Plaintiff does not fail to cooperate simply by expressing a preference for keeping costs to a minimum.

6

Counsel argues in the alternative that Plaintiff's refusal to pay for an expert is in deliberate disregard of an "agreement or obligation to the lawyer as to expenses and fees." Karlinsky Decl., ¶ 8. The retention agreement provides that "in the event that retention of an expert witness is required, Client will directly pay all costs incurred." Karlinsky Decl., Ex. A § 4. Yet no expert has been retained, and no costs have been incurred. And the retention agreement does not mandate that an expert be retained. Plaintiff is therefore not in violation of an agreement with respect to expenses, and withdrawal is not justified under Rule 1.16(c)(5).

Finally, Mr. Karlinsky cites Rule 1.16(c)(1), which permits withdrawal if it can be accomplished without material adverse effect on the interests of the client. Counsel argues that Rule 1.16(c)(1) is satisfied because Plaintiff has been provided sufficient notice to allow it to engage substitute counsel. Karlinsky Decl., ¶ 11. But as Mr. Karlinsky himself concedes, although Plaintiff was first notified of Counsel's potential withdrawal as early as December 2024 and was advised to find another attorney, to date it does not appear Plaintiff has been able to secure a lawyer to take over its representation. ECF No. 40. Thus, should Counsel be permitted to withdraw, at minimum there would be substantial delay while a new attorney was obtained and brought up to speed. At worst, should Plaintiff not be able to find new counsel to assume the representation, Plaintiff would be unable to go forward with this litigation because as a corporate entity, Plaintiff cannot proceed without an attorney. On the current record, it is far from clear that Counsel could withdraw from this litigation without adverse effects for Plaintiff.

## CONCLUSION

Accordingly, the motion to withdraw as counsel is DENIED. In light of the fact that the fact discovery deadline passed while this motion was pending, the parties are directed to file a joint letter with the Court by **July 16, 2025**, setting forth the parties' respective positions on amendment to the deadlines set forth in the Case Management Plan.

SO ORDERED.

Dated:    July 9, 2025
           New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge